## AUSTIN v. NORRIS.

### Opinion delivered December 4, 1911.

REAL ESTATE BROKER—ACTION FOR COMMISSION—DEFENSE.—In an action by a real estate broker to recover a commission for a sale of land, a demurrer to an answer which alleged that plaintiff had a partner who was jointly interested with him in the commission was properly sustained where such partner was not made, nor asked to be made, a party to the proceedings.

Appeal from Benton Circuit Court; *Joseph S. Maples,* Judge; affirmed.

### STATEMENT OF FACTS.

Appellee brought this suit in the Benton Circuit Court, alleging that he was engaged in the real estate business, and that appellant had listed certain land with him for sale; that he introduced to appellant one John T. Six, who purchased the land for the consideration of fourteen thousand, nine hundred and sixty dollars ($14,960); that the sale was consummated through the efforts of appellee; that appellant was due appellee, as a commission for making the sale, the sum of three hundred and ninety-nine dollars ($399),for which appellee asks judgment. Appellant answered, and made his answer also a cross bill, and denied that he was indebted to appellee in any sum, and denied that appellee sold the land for fourteen thousand, nine hundred and sixty dollars ($14,960), but alleged that there was a three thousand ($3,000) mortgage on the land, and that the sale was largely an exchange of property; that the property received in exchange was guarantied by the appellee, who was acquainted with the same, to be worth six thousand dollars ($6,000); that appellant knew nothing of the value of the land and had never seen it, and that he relied on the statement and guaranty of appellee; that the statement and guaranty that the property was worth six thousand dollars ($6,000) was false and untrue; that the property did not exceed in value the sum of four thousand dollars ($4,000), and that, by reason of said false statements and misrepresentations, appellant was damaged in the sum of two thousand dollars ($2,000). Appellant further alleged that if he was indebted to appellee in any sum the appellee would be entitled to but one-half of the com-

mission, as the other half belonged to O. T. Drennen, who was a partner of appellee in the real estate business.

Appellee filed his reply, denying that he made any personal guaranty of value or that he was unfaithful to his principal. To that portion of appellant's answer in which he set up that one-half of the commission, if any, belonged to O. T. Drennen, appellee demurred. The court sustained this demurrer. Appellee testified that appellant listed his land with appellee for sale; that the price paid on the land in the deal between appellant and Six was fourteen thousand, nine hundred and sixty dollars ($14,960); that, in the exchange and deal, Six was to assume a mortgage for three thousand dollars ($3,000), pay three thousand dollars ($3,000) cash, give property in Wichita valued at six thousand dollars ($6,000), and execute his note and mortgage for two thousand, nine hundred and sixty dollars ($2,960). Appellee brought Six from Wichita to show him the land. He introduced Six to appellant, and told appellant that he would charge him five per cent. and two and one-half per cent., which would amount to three hundred and ninety-nine dollars ($399).

John T. Six testified that he purchased the property on terms above set forth. There was testimony on behalf of appellee tending to show that the property in Wichita that Six gave as a part consideration of the trade was worth six thousand dollars ($6,000).

The appellant testified that he listed six hundred acres of land with appellee for sale at thirty dollars ($30) per acre; that appellee told him that he had a man in Wichita by the name of Six who would buy appellant's land if he would take property in exchange for same in Wichita at six thousand dollars ($6,000); that appellee represented to appellant that he was acquainted with the property in Wichita, and that it was worth six thousand dollars ($6,000). Appellee guarantied that it would be worth that sum, and that appellee and Six came to his office, and Six took five hundred acres of the best land, giving as a consideration therefor property in Wichita valued at six thousand dollars ($6,000), three thousand dollars ($3,000) cash, assuming a mortgage in the sum of three thousand dollars ($3,000), and giving his note and mortgage for the balance in the sum of two thousand, nine hundred and sixty

dollars ($2,960); that the statement of appellee that the property in Wichita was worth six thousand dollars ($6,000) was untrue.

The court excluded the testimony to the effect that appellee knew the property, and that it was worth six thousand dollars ($6,000), and that he would guaranty it personally to be worth that sum. Appellant further testified that there was no contract to pay five per cent. commission or any sum. The court, over the objection of appellant, excluded the testimony introduced by him tending to show that Drennen was a partner with the appellee in the real estate business, and was entitled to one-half of the commission. There was also testimony on behalf of appellant tending to show that the property in Wichita, Kansas, taken by appellant as a part consideration for the deal was not worth the sum of six thousand dollars ($6,000). The court instructed the jury as follows: "1. The plaintiff alleges that defendant is justly indebted to plaintiff in the stipulated sum, a commission for services as a real estate agent. Defendant denies that he is indebted to plaintiff in any sum, and this forms the issue that you are to determine. 2. If you find from a preponderance of the evidence that plaintiff listed his land and premises with defendant for sale or exchange, and plaintiff found a purchaser therefor, and was the procuring cause of the sale or exchange being made, then you should find for plaintiff such sum as you may feel warranted in finding from all the evidence before you. 3. The principal has a right to expect the entire services and best efforts of his agent, and the agent must act in entirely good faith with his principal. If you find in this case that plaintiff acted in bad faith, intending to aid Six and in any way defraud or cheat Austin, then you should find for defendant. 4. If you find that plaintiff acted in good faith with defendant in this deal, and was the procuring cause of the deal being made, then you should find for plaintiff such sum as you feel warranted from all the evidence before you."

The court further instructed the jury orally: "That it devolved upon plaintiff to show his right to recover and the extent of his recovery by preponderance of the evidence." The appellant asked an instruction to the effect that if one Drennen was a partner with the appellee and they negotiated the sale as partners, appellee could not maintain the suit.

Appellant also asked instructions to the effect that if appellee in conducting the negotiation perpetrated a fraud upon the appellant by misrepresenting the value of the property in Wichita, or by aiding the purchaser by collusion and fraud, appellant would not be liable.

The court refused to give these, to which ruling the appellant duly excepted. The verdict and judgment were in favor of the appellees in the sum of three hundred and ninety-nine dollars ($399). The appellant duly prosecutes his appeal.

*Rice & Dickson,* for appellant.

No brief filed for appellee.

WOOD, J., (after stating the facts). The court properly eliminated from this case all questions except as to whether or not the services had been rendered by appellee to appellant as alleged in appellee's complaint, and as to whether or not appellee had perpetrated a fraud upon appellant in the negotiations. Drennen was not made, nor was he asked to be made, a party to the proceedings. It was not proper to raise the issue of partnership between him and appellee in this suit. The court did not err, therefore, in sustaining the demurrer to that portion of appellant's answer and cross bill which set up the partnership between himself and Drennen, nor did the court err in excluding all the testimony and in refusing appellant's prayer concerning that question.

The issues raised were properly submitted to the jury under the instructions which the court gave on its own motion, and to which there was no objection. There was evidence to sustain the verdict.

The judgment is therefore correct, and is affirmed.